IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE OSUCH, | : | CIVIL ACTION |
|     *Plaintiff*, | : | |
| v. | : | |
| | : | |
| OPTIMA MACHINERY | : | |
| CORPORATION, *et al.*, | : | |
|     *Defendants*. | : | No. 10-6101 |

**M E M O R A N D U M**

PRATTER, J.                                                                                        JULY 11, 2011

**INTRODUCTION**

On November 9, 2010, Nicole Osuch sued Optima Machinery Corporation and Optima Group Pharma (together, "Optima"), Mevluet Yilmaz, and five "John Doe" defendants. She alleged that she had been injured in a collision with a vehicle driven by Mr. Yilmaz, an Optima employee, on November 21, 2008. Ms. Osuch's Complaint described the John Doe defendants as "persons or entities ... responsible in tort or contract for the injuries and damages suffered by the plaintiff in this action, but whose identities have not yet been determined." She pled no facts regarding the citizenship or residences of these fictional defendants.

The Defendants timely moved to dismiss Ms. Osuch's Complaint pursuant to Fed. R. Civ. P. 12(h) on the ground that the facts pled in the Complaint established no basis for this Court to assume subject matter jurisdiction over this case. Specifically, they argued that although the Complaint asserts that Ms. Osuch resides in New Jersey, and that Optima and Mr. Yilmaz are citizens of Wisconsin, the Complaint did not allege complete diversity of citizenship because it named five unknown defendants who could potentially be New Jersey citizens.[1] The Defendants

---

[1] The parties agree that diversity jurisdiction the only potential basis for this Court to assume subject-matter jurisdiction over this matter.

also moved, in the alternative, for a more definite statement regarding damages, arguing that the Complaint as pled was insufficiently precise to allow them to prepare a jurisdictional defense based upon the amount-in-controversy requirement.

In response, Ms. Osuch concentrated on the Defendants' request for a more definite statement, arguing that the Complaint adequately pled damages exceeding the jurisdictional amount. As to the question of whether her decision to sue the five John Doe defendants might destroy complete diversity, she conceded that "no residency is alleged for John Does I through V," but she argued that this was irrelevant in light of the fact that "the Complaint contains all necessary information regarding the complete diversity of citizenship of all *known* defendants" (emphasis added). She cited no authority for her proposition that the diversity analysis ignores unknown John Doe defendants, nor did she request an opportunity to amend her Complaint.[2]

The Court granted the Defendants' motion to dismiss, without considering their alternative motion for a more definite statement. The Court observed that "a plaintiff asserting federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and [each] defendant are citizens of different states,'" *quoting McCracken v. Murphy*, 328 F. Supp. 2d 530, 532 (E.D. Pa. 2004), and that "where a plaintiff does not allege the citizenship of a 'John Doe' defendant, she has not met her requirement to show that she and John Doe are citizens of two different states," *citing Frisof v. Swift Transp. Co.*, 2008 U.S. Dist. LEXIS 48417, *3 (M.D. Pa. June 23, 2008).

Ms. Osuch has filed a Motion for Reconsideration of the Court's order dismissing her

---

[2] The Court recognizes that naming John Doe defendants is a common technique in the state courts of New Jersey, where Ms. Osuch's counsel may primarily practice. Ms. Osuch is herself a resident of New Jersey.

case. For the reasons set forth below, that Motion will be denied.

**LEGAL STANDARD**

To succeed on a motion for reconsideration, the moving party must demonstrate either (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Where the basis of the motion for reconsideration is to correct a manifest injustice, the moving party must persuade the court not only that the prior decision was *wrong*, "but that it was *clearly* wrong and that adherence to the decision would create a manifest injustice." *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998) (emphasis added). In addition, "motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re Loewen Group*, 2006 U.S. Dist. LEXIS 200, *4-*5 (E.D.Pa. Jan. 5, 2006) (*quoting Pennsylvania Insurance Guarantee Association v. Trabosh*, 812 F.Supp. 522, 524 (E.D.Pa. 1992)).

**DISCUSSION**

Ms. Osuch's principal argument for reconsideration seems to be that the Court's dismissal of her case was a "harsh," "unfair" and "drastic" response to what was, in essence, a minor technical mistake, and she now requests an opportunity to amend her Complaint. She has also cited several cases which, she implies, might suggest that the dismissal was in error.

The Supreme Court has held that the requirements of the complete-diversity rule,

"however technical seeming, must be viewed in the perspective of the constitutional limitations upon the judicial power of the federal courts, and of the Judiciary Acts in defining the authority of the federal courts when they sit, in effect, as state courts." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941). In keeping with this observation, the Supreme Court has interpreted statutes conferring diversity jurisdiction with "jealous restriction" and "strict construction," so as not to infringe on state sensitivities regarding the judicial power reserved to the states on matters of state law, and also to "relieve the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts, in order to keep them free for their distinctive federal business." *Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 942 F.2d 862, 866-867 (3d Cir. 1991) (*quoting Indianapolis*, 314 U.S. at 76). This Court cannot, therefore, adopt Ms. Osuch's view that her Complaint's failure to plead complete diversity was a flaw of little significance or should otherwise be cavalierly overlooked, however much the Court may – and indeed does – sympathize with her (or her counsel's) practical plight.

Ms. Osuch was presented with an obvious opportunity to request leave to amend her Complaint after the Defendants had pointed out plainly the jurisdictional problem posed by the naming of the John Doe defendants. She deliberately – and, presumably, knowingly – did not take this opportunity, but instead argued – without any reference to case law – that her Complaint as pled with the John Doe parties *already* established diversity jurisdiction.[3] Where a party fails

---

[3] This case is therefore distinguishable from *Kiser v. General Electric Corp.*, 831 F.2d 423 (3d Cir. 1987), which Ms. Osuch has cited, in which our Court of Appeals held that the district court erred in dismissing a complaint for lack of jurisdiction without first evaluating the plaintiff's motion to amend, where an amendment could have cured the jurisdictional defect.
In a footnote in *Kiser*, Judge Becker (1) observed that John Doe defendants do destroy diversity when their citizenship cannot truthfully be alleged, but (2) argued that "because John Doe pleading is usually problematic and is no boon to anyone," John Doe defendants ought

to avail herself of such an opportunity, the Court cannot be expected to wade into the adversarial waters to save a litigant from herself

Ms. Osuch notes that federal courts have the power, under Fed. R. Civ. P. 21, to dismiss dispensable non-diverse parties, including John Doe defendants, in order to preserve diversity jurisdiction. *See, e.g., Mortellite v. Novartis Crop Protection, Inc.*, 460 F.3d 483 (3d Cir. 2006). However, she fails to explain how a district court might be required take such a step *sua sponte*, for the sake of the plaintiff, where the plaintiff is on record *opposing* such dismissal. She also fails to establish how this case is analogous to those in which our Court of Appeals has held that a John Doe defendant can be ignored, for jurisdictional purposes, where a plaintiff has included this defendant as a "mere sham" to *prevent* the case from being removed to federal court. *See, e.g., Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 30 (3d Cir. 1985). Ms. Osuch has certainly not conceded that she sued John Does I through V in order to "game" the legal system, and if she had, this would not be a valid reason to grant her Motion for Reconsideration.[4]

The Court is aware of the possibility that Ms. Osuch's claims might be viewed in state court as time-barred, given that her Complaint was filed almost two years after the incident upon which her claims are based. Whether or not this might be true, this circumstance would have no

---

to be "dismissible as a matter of course in federal diversity litigation." *Id.* at 426, fn. 6.
        The other two judges hearing the case did not join Judge Becker as to this footnote, because although the complaint named John Doe defendants, the district court had not actually considered this issue, and had dismissed the complaint because the plaintiff had failed to plead an address for a known defendant. The other judges argued that any jurisdictional problem created by the John Doe defendants could be resolved after the case had been remanded.

    [4]    At any rate, as the Court noted in dismissing the Complaint, "at least one of the John Does [*viz.*, John Doe I] is described [in the Complaint] as a person on whose behalf [Mr. Yilmaz] was operating at the time of the alleged accident," which under *Abels* is sufficient to distinguish him from "phantom[ ]" John Does who may be set aside. 770 F.2d at 32.

ultimate relevance to the resolution of the pending Motion. The can be no "manifest injustice" where the party moving for reconsideration has failed to provide any basis upon which the Court might conclude that its original order was based upon a "clear error of law or fact." *Quinteros*, 176 F.3d at 677. Indeed, in this case, for the Court to accommodate Ms. Osuch because she might otherwise find herself-time barred as a result of her prior tactical or strategic decisions would run the risk of visiting an injustice upon Ms. Osuch's opponents, who have done nothing more than properly raise a conventional issue of federal court practice.

## CONCLUSION

For the reasons set forth above, Ms. Osuch's Motion for Reconsideration is denied. An Order to this effect follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE